**CT Corporation**

**Service of Process Transmittal**
05/27/2020
CT Log Number 537712944

**TO:**   KATHLEEN LOPILATO
AUTO-OWNERS INSURANCE COMPANY
6101 Anacapri Blvd
Lansing, MI 48917-3999

**RE:**   **Process Served in Florida**

**FOR:**   Southern-Owners Insurance Company  (Domestic State: FL)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HARVEST MOON DISTRIBUTORS LLC, Pltf. vs. SOUTHERN-OWNERS INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CA5292O |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 05/27/2020 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/27/2020, Expected Purge Date: 06/01/2020<br><br>Image SOP<br><br>Email Notification,  KATHLEEN LOPILATO  lopilato.kathleen@aoins.com<br><br>Email Notification,  TERRI MCCRUMB  mccrumb.terri@aoins.com<br><br>Email Notification,  Lance Arnott  SOPVerification@wolterskluwer.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / AN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

HARVEST MOOD DISTRIBUTORS LLC

PLAINTIFF(S)

VS.

SOUTHERN-OWNERS INSURANCE COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, DISCOVERY

| | |
|---|---|
| **CASE #:** | **2020-CA-5292-O** |
| **COURT:** | **CIRCUIT COURT** |
| **COUNTY:** | **ORANGE** |
| **DFS-SOP #:** | **20-000134012** |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Friday, May 22, 2020 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, May 27, 2020 to the designated agent for the named entity as shown below.

SOUTHERN-OWNERS INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis
Chief Financial Officer

IMRAN MALIK
1061 MAITLAND CENTER COMMONS
MAITLAND, FL 32751, FL 32751

TSC

RECEIVED AS STATUTORY REGISTERED AGENT
on 22 May, 2020 and served on defendant or named party on 27 May, 2020
by the Florida Department of Financial Services

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

### CIVIL DIVISION

**HARVEST MOON DISTRIBUTORS LLC,**

        **Plaintiff,**           **Case No.: 2020-CA-5292-O**

**vs.**

**SOUTHERN-OWNERS INSURANCE COMPANY,**

        **Defendant.**

SUMMONS

***THE STATE OF FLORIDA***
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint of Petition in this action on INSURANCE COMMISSIONER pursuant to F.S. 48.151

***By Serving:***

### SOUTHERN-OWNERS INSURANCE COMPANY
C/O Insurance Commissioner
State of Florida
PROCESS SECTION
200 East Gaines Street
Tallahassee, Florida 32399

Each defendant is required to serve written defenses to the Complaint or Petition on Imran Malik, Counsel for the Plaintiffs, **Malik Law, P.A.,** 1061 Maitland Center Commons Blvd., Maitland, FL 32751 within twenty (20) days after service, of this summons on that defendant exclusive of the day of service, and to file the original of the Defenses with the clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

Tiffany Moore Russell
CLERK OF THE COURT
    Ali Martin Rios, Deputy Clerk
BY: 2020-05-20 14:51:58       , Deputy Clerk DATE: _____, 2020.



**Civil Division**
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER:**

**HARVEST MOON DISTRIBUTORS LLC,**

      **Plaintiff,**

**vs.**

**SOUTHERN-OWNERS INSURANCE COMPANY,**

      **Defendant.**

_____/

## COMPLAINT

    **COMES NOW** the Plaintiff, by and through the undersigned attorney, and hereby sues the Defendant, Southern-Owners Insurance Company (hereinafter sometimes referred to as "Southern-Owners"), and alleges as follows:

### JURISDICTION AND VENUE

1. At all material times hereto, Plaintiff is a Florida limited liability company with its principle place of business in Orange County, Florida.

2. Defendant corporation was and is a Florida corporation with principal place of business in Florida, and the policy of insurance written by Southern-Owners was issued by Southern-Owners in the State of Florida.

3. At all material times relevant hereto, Defendant Southern-Owners was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Orange County, Florida.

4. Jurisdiction and venue are proper in Orange County, Florida.

5.   This is an action for breach of contract with damages greater than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

6.   This action also seeks coverage for a declaratory judgment action in excess of the jurisdictional limits of this Court, Therefore, this Court has jurisdiction over this action for declaratory judgment pursuant to Fla. Stat. §86.011.

## NATURE OF ACTION

7.   This is an action for breach of an insurance contract due to Defendant's failure to pay insurance proceeds that were due and owing to Plaintiff under a policy of insurance issued by Defendant to Plaintiff.

8.   This is also an action for Declaratory Judgment pursuant to Fla. Stat. §86.011 to determine questions of insurance coverage under the policy of insurance issued by Defendant to Plaintiff.

9.   Plaintiff sought Commercial Property Coverage insurance from Defendant Southern-Owners to cover its property, and a policy of insurance, including but not limited to coverages to protect against loss of Business Income, Extra Expense, Inventory, and Accounts Receivable was issued by the Defendant.

10.  Plaintiff is a named insured under Policy No.: 124682-72075137-19. A true and correct copy of the insurance policy is in control of Defendant and will be provided through discovery.

11.  Plaintiff faithfully paid insurance policy premiums to Defendant, Southern-Owners.

12.  The insurance policy between Defendant and Plaintiff specifically provided additional coverages for loss of Business Income, Extra Expense, Inventory, and Accounts Receivable.

13.  On or about March of 2020, the United States of America became infected with SARS-CoV-2 (commonly and hereinafter referred to as "COVID-19") which resulted in a nationwide pandemic. As a result of this pandemic, Harvest Moon Distributors LLC's property sustained direct physical loss or damages and will continue to sustain direct physical loss or damages covered by the policy issued by Defendant.

14.  Policy coverages include, but are not limited to Business Income, Extra Expense, Inventory, and Accounts Receivable. As a direct result of this pandemic, Harvest Moon Distributors LLC's property has been damaged and cannot be used for its intended purpose.

15.  Plaintiff's loss of use of the insured property and insured property's inability to function as contemplated and intended by Plaintiff and Defendant is a direct physical loss. As a result of this direct physical loss, Plaintiff has suffered loss of Business Income, Inventory, Accounts Receivable, has incurred Extra Expenses to minimize the suspension of business and continue its operations, and has suffered other losses and damages.

**COUNT I-BREACH OF CONTRACT AGAINST
DEFENDANT**

16.  Plaintiff realleges paragraphs 1-15 and incorporates the same by reference herein.

17.  This is an action for breach of contract with damages greater than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

18.  Plaintiff's Commercial Property Insurance with Defendant, Southern-Owners, was in full force and effect as to Harvest Moon Distributors LLC when its property was damaged, and it is a named insured under Policy Number 124682-72075137-19. A

true and correct copy of the policy is in control of Defendant, Southern-Owners, and will be provided through discovery. Defendant is not prejudiced by the failure to attach a policy at this time because Defendant is already in possession of the complete policy upon which this suit is based.

19. During the Policy period, Plaintiff sustained a direct physical loss to its covered property from a covered cause of loss. Plaintiff also sustained a loss of Business Income, Extra Expense, Inventory, and Accounts Receivable, in addition to other consequential losses and damages.

20. Plaintiff duly notified Defendant of the loss and allowed for all necessary inspections and evaluations to be made at the insured premises.

21. This is an action related to Defendant's failure to place the insured premises in its pre-loss condition and adequately compensate Plaintiff for loss of Business Income, Extra Expense, Inventory, and Accounts Receivable, and other losses and damages contemplated by the insurance contact between Plaintiff and Defendant.

22. Plaintiff has complied or substantially complied with all conditions to entitle Plaintiff to recover under the policy, the conditions have been waived, or the language of the policy created an impossibility for the conditions to be complied with.

23. Defendant Southern-Owners has failed to provide coverages for Plaintiff's losses, and has failed to pay the reasonable value of Plaintiff's losses needed to place the insured in its pre-loss condition.

24. Defendant's refusal to provide coverages to and to reimburse Plaintiff adequately for the damages that resulted, and otherwise make Plaintiff whole, is a breach of contract.

25.   Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds that have not been paid, interest, costs, and attorney's fees.

26.   As a result of Defendant's breach of contract, it has become necessary that Plaintiff retains the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

27.   Plaintiff has been and remains fully prepared to comply with the obligations pursuant to the aforesaid contract of insurance.

28.   Plaintiff is entitled to recover attorney's fees and costs under F.S. § 627.428, F.S. § 626.9373, F.S. §57.041, and F.S. § 92.231.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, consequential damages, interest, costs, and attorney's fees pursuant to F.S. § 627.428, F.S. § 626.9373, F.S. §57.041, and F.S. § 92.231. Plaintiff further demands trial by jury.

## COUNT II – DECLARATORY JUDGMENT

29.   Plaintiff realleges paragraphs 1-15 and incorporates the same by reference herein.

30.   This is an action for declaratory relief brought pursuant to Fla. Stat. § 86.011. Plaintiff is entitled to have any doubt regarding the existence or nonexistence of any right or duty under the insurance policy in question removed.

31.   Plaintiff is unsure of Plaintiff's right to coverage for direct physical loss, loss of Business Income, Extra Expense, Inventory, and Accounts Receivable. Plaintiff believes the Policy provides coverage for all of its COVID-19 related injuries, damages, and losses. Plaintiff has therefore filed this instant action seeking a determination whether the Policy provides coverage to the Plaintiff for its injuries, damages, and losses.

32. On or about March 1, 2020, Florida Governor DeSantis issued Executive Order No.: 20-51 and declared a state of emergency in Florida as a result of COVID-19.

33. On or about March 15, 2020, Walt Disney Parks & Resorts US Inc. choose to close its doors to the public in an effort to help "stop the spread" amidst concerns of the growing COVID-19 pandemic.

34. Plaintiff operates as a wine and beer distributor, supplying its products to certain Vendors, including Walt Disney Parks and Resorts US Inc.

35. Plaintiff received insurance from Southern-Owners which consists of coverage for loss of Business Income, Extra Expense, Inventory, Accounts Receivable, and Additional Insured-Vendor coverage, one of the vendors being Walt Disney Parks and Resorts US Inc.

36. The Policy "Building and Personal Property Coverage Form" provides coverage for Harvest Moon Distributors LLC. Specifically:

A. COVERAGE

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1. Covered Property

b. Your Business Personal Property located in or on the building described in the Declarations or in open (or in a vehicle) within 100 feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property – Separation of Coverage form:

(3) "Stock"

37. The Policy contains an extra endorsement for Business Income and Extra Expense, which provides:

    **a. Business Income**

    Subject to the Limit of Insurance provisions of this endorsement, we will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations: during the "period of restoration."

    **b. Extra Expense**

    Subject to the Limit of Insurance provisions of this endorsement, we will pay necessary Extra Expense you incur during the "period of restoration."

38. The Policy also contains an endorsement for Accounts Receivable:

    1. Under **A. COVERAGE 4. Additional Coverages**, the following Additional Coverage is added:

    **Accounts Receivable**

    We will pay:

        1. all amounts your customers owe you that you cannot collect;

        2. interest charges on loans you secure to offset impaired receipts until we pay these amounts;

        3. collection costs in excess of normal; and

        4. Other expenses you reasonably incur to re-establish your records;

    which result from direct physical loss of or damage to your records of accounts receivable;

        1. caused by or resulting from any Covered Cause of Loss; and

2. which occurs on the premises described in the Declarations.

39. Plaintiff had purchased South African Beers specifically in accordance with its contract with Walt Disney Parks & Resorts US Inc.

40. Due to Walt Disney Parks & Resorts US Inc.'s voluntary closure, in an effort to minimize risk and help "stop the spread" of the COVID-19 pandemic, Harvest Mood Distributors LLC lost Business Income, Extra Expense, Inventory, and Accounts Receivable, and sustained other consequential damages and losses.

41. On or about March 19, 2020, Plaintiff submitted its claim to Defendant for Loss of Business Income, Extra Expense, Inventory, and Accounts Receivable due to the COVID-19 pandemic in compliance with the terms and conditions of the Policy.

42. On or about April 15, 2020, Plaintiff submitted its sworn proof of loss for loss of business income due to spoilage of its product, loss of inventory, and loss of profit.

43. Thereafter, Defendant denied Plaintiff's claim, a copy of the claim determination letter is attached hereto as "Exhibit A."

44. There is a bona fide, actual dispute between the parties. Plaintiff is unsure of its rights and obligations under the insurance policy in question and is entitled to have the doubt removed. There is a present and ascertainable state of facts, and the Court is not being asked to merely give legal advice.

45. As a result of the dispute, it has become necessary that Plaintiff retains the service of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

**WHEREFORE**, Plaintiff requests this Court to:

a. Take jurisdiction of the subject matter and parties thereto;

b.   Declare that Plaintiff has suffered a direct physical loss;

c.   Declare that Plaintiff's loss is a covered loss which is not excluded or limited under the Policy.

d.   Declare that Plaintiff has sustained loss of Business Income, Extra Expense, Inventory, Accounts Receivable, and other consequential damages due to the damage to its covered property.

e.   Order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determination herein, including but not limited to, production of the complete policy of insurance, and a complete copy of the written materials in the possession of the Defendant that would shed light on the issues involved herein;

f.   Determine applicable law, including the provisions of Florida Statutes that apply to the policy and to the parties;

g.   Declare each policy provision not in conformity with Florida law be amended to comply with Florida law;

h.   Declare that any ambiguities in the statute or policy be construed in favor of insurance coverage;

i.   Declare that the statutes and policy provisions be construed strictly and most strongly against the insurer, and liberally in favor of the insured, so as to affect the dominant purpose of indemnity or payout to the insured;

j.   Declare that the policy of insurance covering the insured provides coverage for the claim submitted by the insured;

k.  Declare that the Plaintiff is entitled to a claim for attorney's fees and costs against Defendant under Fla. Stat. §627.428, §92.231, §57.104, §626.9373, and §57.041 and determine amounts thereunder;

l.  Determine and declare any other material matters pertaining to the respective rights and responsibilities under the policy, as needed to do complete justice in this case.

Plaintiff further demands trial by jury on all issues so triable in accordance with Florida Statutes, Chapter 86, as well as for entry of judgment for Plaintiff as to all issues to be raised in this declaratory action, and against Defendant for insurance proceeds, consequential damages, attorney's fees, and costs pursuant to Fla. Stat. §627.428, §92.231, §57.104, §626.9373, and §57.041.

Dated May 22, 2020.

Imran Malik, Esquire
Malik Law P.A.
Attorney for Plaintiff
Florida Bar number: 0041501
1061 Maitland Center Commons Blvd.
Maitland, FL 32751
Phone:  (407) 500 1000
Email: pleadings@imaliklaw.com

# EXHIBIT A



LIFE · HOME · CAR · BUSINESS

PO Box 24700
Lakeland, FL 33802
800-527-8299

Harvest Moon Distributors LLC
3451 Parkway Center Court
Orlando, FL 32802

RE:          Claim:            300-0088627-2020
             Insured:          Harvest Moon Distributors LLC
             Date of Loss:     03/19/2020

Dear Insured:

Southern-Owners Insurance Company insures Harvest Moon Distributors LLC under a TPP policy, 11/06/2019 to 11/06/2020 under policy number 72075137. Harvest Moon Distributors has submitted a claim for loss of business income resulting from the recent coronavirus, COVID-19, outbreak and the subsequent governmental response.

Southern-Owners Insurance Company recognizes this is a difficult time for those affected by the governmental response. We appreciate your patience while we have reviewed your claim to ensure we have evaluated the loss and its effect on any and all aspects of your business. Southern-Owners Insurance Company wants to make sure we are responding quickly and clearly to your request for coverage in order to enable you to address the needs of your business in this uncertain time.

As we understand your claim, you have been unable to operate the insured business due to governmental action. We understand that you are not claiming a loss due to physical loss of or damage to covered property, which includes personal property coverages based on your policy declarations. If our understanding is incorrect, please advise us immediately.

Your policy provides coverage under form CP 00 10(10-91) as follows:

**A. COVERAGE**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1. **Covered Property**

   Covered Property, as used in this Coverage Part, means the following types of property for which a Limit of Insurance is shown in the Declarations:

   a. **Building**
      \*\*\*

   b. **Your Business Personal Property**
      \*\*\*

   c. **Personal Property of Others**
      \*\*\*

Please review the following policy language which addresses claims for loss of business income and/or extra expense. Please note that these coverages also require direct physical loss of or damage to property, as stated below:

Your policy also includes Form 54082 (2-05) Cause of Loss-Special Form, which states:

A. **COVERED CAUSES OF LOSS**

   When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

   1. Excluded in Section **B.**, Exclusions; or

   2. Limited in Section **C.**, Limitations that follow.

B. **EXCLUSIONS**

   1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
      \*\*\*

      c. **Governmental Action**

         Seizure or destruction of property by order of governmental authority. But we will pay for acts of destruction ordered by governmental authority and taken at the time of a fire to prevent its spread, if the fire would be covered under this Coverage Part.
         \*\*\*

   2. We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

**b.** Delay, loss of use or loss of market.

\*\*\*

**3.** We will not pay for loss or damage caused by or resulting from any of the following. But if loss or damage by a Covered Cause of Loss results, we will pay for the resulting loss or damage.

\*\*\*

**b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

\*\*\*

As stated above, coverage in this matter is afforded only for direct physical loss of or damage to property at the premises described in the declarations. As your loss of business income and spoilage claim is the result of an order of governmental authority, any claim of seizure or destruction of property as a result, is expressly excluded by the policy language above.

Southern-Owners Insurance Company recognizes that information as to Covid-19 develops and changes daily and we want to ensure that we are properly and thoroughly evaluating your claim. This correspondence is not intended to be an exhaustive statement of Southern-Owners Insurance Company's position concerning its coverages under the policy. Southern-Owners Insurance Company's coverage determination is based upon the policy provisions, the information you have provided, and Southern Owner's Insurance Company's own investigation. If there is any additional information you believe to be relevant to the question(s) of coverage, please advise us immediately and forward any additional information to my attention for review. Should additional information be provided, Southern-Owners Insurance Company reserves its right to reinvestigate the claim and the subsequent review shall not serve as a waiver of any rights under the applicable policy of insurance.

All rights, terms, conditions, and exclusions in your policy are in full force and effect and are completely reserved. No action by any employee, agent, attorney or other person on behalf of

Southern-Owners Insurance Company shall not waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy.

Sincerely,

Kaitlin Stimmel
Field Claim Representative
Lakeland Claims (Ext. 56713)

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER:

**HARVEST MOON DISTRIBUTORS LLC,**

    **Plaintiff,**

**vs.**

**SOUTHERN-OWNERS INSURANCE COMPANY,**

    **Defendant.**

_____/

## REQUEST TO PRODUCE TO DEFENDANT INSURANCE COMPANY

Plaintiff, Harvest Moon Distributors LLC, by and through undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.350, hereby request Defendant, Southern-Owners Insurance Company, to furnish copies of the following documents to the offices of the undersigned attorney within forty-five (45) days from the date of service hereof:

## INSTRUCTIONS

1.    These document requests are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the laws of the State of Florida.

2.    When documents are requested, such requests includes documents in the custody control of the party's agents, party representatives, predecessors in interest, successors in interest, subsidiaries, parent, expert, persons consulted concerning any factual matters or matter of opinion relating to any of the facts or issues involved in this case. And includes unless privileged the party's attorney.

3.      If you are not producing any document responsive to a request, your answer should
        make it clear that you are not producing any documents responsive to that request.

4.      For each document that is withheld under a claim of privilege, please provide the
        following information:

        a.   The date the document was prepared or created

        b.   The name and title of the author or authors of the document

        c.   A summary of the subject matter of the document

        d.   The identity of each person or persons who assisted the author or authors in
             creating the document

        e.   The identity of each person to whom the document or the contents of the
             document have been communicated (either intentionally or inadvertently), the
             dates of such communication and the title of each such person.

        f.   A statement of the basis on which the privilege is claimed; and

        g.   The identity and title, if any, of the person or persons providing the information
             requested in subsections (a) through (f) above.

## REQUESTS FOR PRODUCTION

1.      All insurance policies which would provide coverage to Harvest Moon Distributors
        LLC together with any declaration of coverage page, application for insurance and a
        sworn statement of a corporate officer of Defendant attesting to the coverage and
        authenticity of the policy.

2.      All documents reflecting any payment made to any person or entity for any reason as
        a result of the Plaintiff's claim.

3. All tapes and/or transcripts of statements taken of any person, including but not limited to Examinations Under Oath, regarding the Plaintiff's claim.

4. All correspondence between Plaintiff or any representative of Plaintiff and any representative of Defendant regarding the insurance claim in question.

5. All documents which support any affirmative defense.

6. All reports and current curriculum vitae from any expert(s) retained for any reason regarding the insurance claim in question.

7. All correspondence regarding the insurance claim in question, including but not limited to, correspondence with experts, independent adjusters, appraisers, inspectors, and any other third party.

8. All books, treaties or authority used by the adjustor in determining the value of the insurance claim in question.

9. All writings, memoranda, notes or other materials reflecting examination of the insured premises by Defendant or its agents.

10. All photographs or video depiction of the insured premises in the possession of the Defendant or any agent of Defendant.

11. All proofs of loss received by Defendant from Plaintiff or any representative of Plaintiff.

12. The license of each adjuster, expert, appraiser, inspector, or other individual who participated in processing the insurance claim in question.

13. All estimates received by Defendant from any source for losses to the insured premises.

14.   All Peer reviews or comparative estimates conducted concerning the insurance claim in question.

15.   Defendant's latest claims manual or statement of policies and procedures on the processing or handling of loss of Business Income, Extra Expense, Inventory, and Accounts Receivable claims.

16.   Copies of previous estimates by anyone conducting a peer review on bills, invoices, or contracts submitted to Defendant in relation to the insurance claim in question.

17.   All documents sent to the State of Florida or any of its agencies in relation to the insurance claim in question.

18.   All documents that relate to the drafting, meaning, and interpretation of any subject language as such terms or provisions are used in the policy at issue.

19.   All documents in the file of your counsel dated before the date in which the present action was filed which relate to the handling of the reservation of rights, investigation, adjustment or denial of the claim at issue.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant along with the Summons and Complaint.

Imran Malik, Esquire
Malik Law, P.A.
Attorney for Plaintiff
Florida Bar Number: 0041501
1061 Maitland Center Commons Blvd.
Maitland, FL 32751
Phone: (407) 500 1000
Email: pleadings@imaliklaw.com