UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARVEST MOON DISTRIBUTORS,
LLC,

        Plaintiff,

v.                                                             Case No:  6:20-cv-1026-Orl-40DCI

SOUTHERN-OWNERS INSURANCE
COMPANY,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Remand (Doc. 14 (the "**Motion**")), filed June 30, 2020. On July 14, 2020, Defendant responded in opposition. (Doc. 18). Upon consideration, the Motion is due to be denied.

**I.   BACKGROUND**

Plaintiff Harvest Moon Distributors, LLC ("**Harvest Moon**"), initiated this lawsuit in state court by filing a two-count complaint on June 11, 2020, asserting claims for breach of contract and declaratory judgment. (Doc. 1-2). Plaintiff alleges that Defendant Southern-Owners Insurance Company ("**SOIC**") failed to pay insurance proceeds that were due to Plaintiff under a policy of insurance (the "**Policy**") issued by Defendant to Plaintiff. (*Id.* ¶¶ 7–15). The Policy covered loss of Business Income, Extra Expense, Inventory, and Accounts Receivable. (*Id.* ¶ 14). Due to COVID-19 and the resulting closure of Walt Disney Parks & Resorts ("**Disney**"), Plaintiff was unable to fulfill its contract with Disney, and thus suffered a loss allegedly covered by the Policy. (*Id.* ¶¶ 39–

40). Plaintiff seeks a judgment for compensatory damages, consequential damages, interest, costs, and attorney's fees. (*Id.* at p. 8).

On June 11, 2020, Defendant removed the case to this Court, claiming complete diversity exists between the parties and that the amount in controversy exceeds $75,000 as required under 28 U.S.C. § 1332. (Doc. 1). Plaintiff then filed the Motion asking the Court to remand the case back to state court, arguing that the amount-in-controversy requirement is not satisfied. (Doc. 14). Subsequently, Defendant responded in opposition. (Doc. 18).

## II.     STANDARD OF REVIEW

Title 28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction.[1] When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). That said, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

---

[1]     The parties agree that complete diversity exists among them.

To determine the amount in controversy, the court must review the removal documents. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). If a plaintiff fails to allege a specific damage amount, the removing party bears the burden of proving by a preponderance of the evidence that the amount-in-controversy threshold is met. *Id.* at 1208–09. Beyond the face of the complaint, a district court may consider the defendant's notice of removal and evidence submitted by the parties. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery*, 483 F.3d at 1211.

### III.   DISCUSSION

Upon review of the removal documents, the Court's experience and common sense lead it to agree with Defendant that the amount in controversy likely exceeds $75,000. See *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061–62 (11th Cir. 2010) (recognizing that federal courts may use their judicial experience and common sense in determining the amount in controversy).

#### A.   Damages and Attorney's Fees

Plaintiff demands judgment for "compensatory damages, consequential damages, interest, costs, and attorney's fees." (Doc. 1-2, p. 8). In the Complaint, Plaintiff alleges that the breach of contract action resulted in damages greater than $30,000, exclusive of interest, costs, and attorney's fees. (*Id.* at p. 6). However, the amount in controversy must be assessed at the time of removal, not at the time of filing the complaint. *Sierminski*, 216 F.3d at 949.

Plaintiff states that as of the date of the filing of the Motion on June 30, 2020, the amount had risen to $60,362.85. (Doc. 14, p. 8). Thus, as calculated by Defendant, the amount at the time of removal was over $51,000. (Doc. 18, p. 9). Defendant calculated this number by taking $60,362.85, which is the amount Plaintiff said damages arose to by June 30, 2020, and subtracted $23,750.09, which is the amount Plaintiff said damages were on April 15, 2020. (*Id.* at p. 9). Then, Defendant divided this number by 76, since there were 76 days between April 15, 2020 and June 30, 2020. (*Id.*). This formula indicated a $481.73 increase in damages per day. (*Id.*). Accordingly, the $51,000 calculation includes the $23,750.09 in damages as of April 15, 2020, plus additional cost accruing at a rate of $481.73 per day from April 15, 2020 to the date of removal on June 11, 2020. (*Id.*).

Furthermore, courts often look beyond just the amount of actual damages when determining the amount in controversy. "[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). Where the plaintiff requests attorney's fees as part of her claim, but does not explicitly identify the value of those fees, the court may look to evidence in the record to predict the amount of fees the plaintiff would likely recover. *See Williams*, 269 F.3d at 1320.

In the Complaint, Plaintiff specifically seeks attorney fee's under Florida Statute § 627.428, which allows the insured to recover "a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." Although the fee arrangement between Plaintiff and their attorney is unknown,

courts have previously found that a breach of contract dispute of $49,413.72 could reasonably result in attorney's fees of over $28,000. *Mirras v. Time Ins.*, 578 F. Supp. 2d 1351, 1352 (M.D. Fla. 2008). The court noted that the conclusion that attorney's fees could reach at least $28,000 during the litigation of the matter assumed Plaintiff's counsel spends at least 40 hours at $350/hour in the pleading, discovery, review of documents, and motion practice. *Id.* The Court reaches the same conclusion here that attorney's fees in this breach of contract dispute could reasonably amount to nearly $30,000 for work done in the pleading, discovery, review of documents, and motion practice. *See id.*

By taking the amount of damages at the time of removal, which the Court estimates to be $51,000, plus attorney's fees, which could reasonably amount to nearly $30,000, the Court can easily conclude from its experience and common sense that the $75,000 threshold is met.

### B.     Policy Limit

Additionally, it is reasonable for the Court to conclude that the amount in controversy exceeds the $75,000 threshold because Count II is seeking a declaratory judgment "regarding the existence or nonexistence of any right or duty under the insurance policy in question." (Doc. 1-2, p. 8). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Here, the object of the litigation in Count II is the Policy itself, specifically relating to Business Income, Extra Expense, Inventory, and Accounts Receivable. (Doc. 1-2, p. 8).

Furthermore, and more specifically than the aforementioned rule pertaining broadly to declaratory relief, "when the validity of an insurance policy is at stake—because either the insurance company seeks to void the contract or the plaintiff requests injunctive relief to restore a lapsed policy—the jurisdictional amount in controversy is the face value of the policy." *Evanston Ins. v. Sun W. Acquisition Corp.*, No. 8:13-CV-2893-T-33TGW, 2014 WL 988764, at *6 (M.D. Fla. Mar. 13, 2014). Here, the face value of the Policy has a combined limit of $150,000, as Business Income and Extra Expense allow for up to $50,000 and Accounts Receivable allows up to $100,000. (Doc. 18, p. 8). It is proper to consider the $150,000 face value of the Policy because Plaintiff puts the validity of the Policy in question. *See Evanston*, 2014 WL 988764, at *6. Plaintiff does so by requesting the Court to determine the "applicable law, including the provisions of Florida Statutes that apply to the policy and to the parties," and then "[d]eclare each policy provision not in conformity with Florida law [to] be amended to comply with Florida law." (Doc. 1-2, ¶¶ 44, 45). Thus, the face value of the Policy exceeds $75,000, and the amount-in-controversy requirement is again satisfied on this separate basis.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand (Doc. 14) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 12, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

6

Copies furnished to:

Counsel of Record
Unrepresented Parties